MICHAEL N. WESTHEIMER, State Bar No. 178938
michael.westheimer@ogletreedeakins.com
RACHEL J. MOROSKI, State Bar No. 286805
rachel.moroski@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:  415.442.4810
Facsimile:   415.442.4870

Attorneys for Defendant
GE BETZ, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ROMERO, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>GE BETZ, INC.; DOES 1 through 50, inclusive,<br><br>    Defendant. | Case No. 2:16-cv-01356-FMO-JCx<br><br>**DEFENDANT GE BETZ, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION**<br><br>Hearing Date: June 16, 2016<br>Time:             10:00 a.m.<br>Courtroom:   22 – 5th Floor<br>Judge:           Hon. Fernando M. Olguin<br><br>Complaint Filed: January 25, 2016<br>Trial Date:         April 4, 2017 |

## I. INTRODUCTION

In the instant action, Robert Romero ("Plaintiff") brings nine individual wage and hour claims against his current employer, GE Betz, Inc. ("GE Betz" or "the Company"). Plaintiff's claims should not proceed in this Court because they are subject to a binding arbitration agreement.

Plaintiff agreed that his employment was subject to the Company's Alternative Dispute Resolution Procedure ("ADR Procedure"), which expressly requires him to submit his claims at issue in this action to binding arbitration. In January 2011, Plaintiff affirmatively acknowledged that his employment was subject to the ADR Procedure (including certain amendments that were implemented at that time), confirming he is bound by the ADR Procedure as a condition of his employment with the Company.

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, mandates that the ADR Procedure is to be enforced according to its terms. *Rent–A–Center, West, Inc. v. Jackson*, 130 S.Ct. 2772, 2776 (2010). Accordingly, GE Betz requests that the Court order Plaintiff to comply with the ADR Procedure and submit his claims to binding arbitration in lieu of further proceedings in this Court.

## II. STATEMENT OF FACTS

### A. GE Betz's Business

Plaintiff described GE Betz in his Complaint as: "in the business of providing water treatment services to industry, including providing water treatment services to the water used at PG&E's operations at the Diablo Canyon Nuclear Power Plant in Avila Beach, California . . . and providing water treatment services to Phillips 66 at the Phillips 66 Santa Maria Oil Refinery." (Complaint, ¶ 10.)

### B. The 2010 ADR Procedure

The 2010 ADR Procedure provides in relevant part that:

**Overview:**

[The Procedure] is a structured dispute resolution procedure


that consists of two internal levels of review followed by, if necessary and applicable, outside mediation (Level III) and arbitration (Level IV). . . The levels of Solutions are in a logical sequence, and employees must complete each level of the process before proceeding to the next level.

**Levels I, II and III:**

At Levels I and II, an employee and the management team meet in an attempt to address the employee's concern. If the employee is not satisfied with the outcome of Levels I and II, and the concern is a Covered Claim, the employee may submit the claim to Level III. Similarly, if the Company has a Covered Claim against an employee, it would be submitted initially at Level III. At Level III, an external mediator helps the employee and the Company open lines of communication in an attempt to facilitate resolution.

**Level IV – Arbitration:**

If there is no resolution at Level III and the party wishes to pursue the concern, the next step is Level IV arbitration. At Level IV, an external arbitrator provides the employee and the Company with a binding decision on the merits of the Covered Claim(s). Both mediation and arbitration under Levels III and IV will be administered by a nationally recognized **dispute resolution organization ('DRO')**. Employees may obtain information regarding which DRO has been designated to handle proceedings at Level III and IV and the DRO's rules governing such proceedings from the Solutions Administrator or the local HR manager.

**Covered Claims:**

Covered Claims include all claims that arise out of or are related to an employee's employment or cessation of employment (whether asserted by or against the Company), where a court or agency in the jurisdiction in question would otherwise have the authority to hear and resolve the claim under any federal, state or local (e.g. municipal or county) statute, regulation or common law.

**Discovery**:

Either party may seek from the other party discovery of the types described below to the extent relevant to claims or defenses before the arbitrator. The arbitrator shall have the authority to modify the discovery guidelines . . . in consideration of the interests of simplicity and expedition of arbitration balanced against value of the information in establishing a claim or defense.

**Scope of Award:**
> The arbitrator shall interpret and apply the law of remedies of the state or the federal circuit, or both, in which the claim arose, or the applicable law pursuant to any contractual agreement. Except as provided by this procedure . . . , the arbitrator may grant any remedy or relief that would have been available had the claim been asserted in court.

(Declaration of Jennifer Kozak in Support of Motion to Compel Arbitration ["Kozak Decl."], **Exhibit B**.)

### C. The 2015 ADR Procedure

On November 1, 2015, the Company made further amendments to the ADR Procedure to make it more user-friendly for employees. Among other things, the 2015 amendments added reference to Executive Order 13673 to the description of Excluded Claims; modified the selection process for mediators and arbitrators to increase the likelihood that the selection would be by mutual agreement of the employee and the Company rather than by the DRO that administers these processes; and clarified that employees can discuss the substance of their covered claims with colleagues. (Kozak Decl., **Exhibits F-G**.)

### D. Plaintiff's Employment with GE Betz

Plaintiff currently works at GE Betz as a Field Service Representative in Avila Beach, California. On January 9, 2011, Plaintiff expressly acknowledged that he reviewed the 2010 version of the ADR Procedure and agreed to be bound by its terms. (Kozak Decl., **Exhibit C**.)

In November 2015, the Company amended the ADR Procedure to make it more user-friendly. (*See infra*, Section II(C).) The Company gave employees numerous opportunities to review and acknowledge the 2015 amendments prior to implementing them, but advised employees: "The modifications will go into effect on November 1, 2015, whether or not you have formally acknowledged." (Kozak Decl., **Exhibits D-E**.)

/ / /

### E. Plaintiff Filed this Lawsuit in Violation of the ADR Procedure

In disregard of his agreement to be bound by the ADR Procedure, Plaintiff initiated this lawsuit against the Company by filing a court action on January 25, 2016. His Complaint asserts nine claims for relief against the Company alleging violations of the California Labor Code, Industrial Welfare Commission ("IWC") Wage Orders and the Fair Labor Standards Act. (*See* Complaint, docket # 1-1.) Plaintiff's claims all arise out of his employment with the Company, and therefore are subject to the ADR Procedure.

### F. GE Betz's Demand for Arbitration and Meet and Confer Efforts

On March 8, 2016, the Company's counsel contacted Plaintiff's counsel to meet and confer regarding the substance of this motion. The Company's counsel explained that Plaintiff's claims are subject to an arbitration agreement and requested that he dismiss his state court action and resolve his claims through the Company's ADR Procedure. (Declaration of Rachel J. Moroski ["Moroski Decl."], **Exhibit A**.)

On March 16, 2016, the Company's counsel and Plaintiff's counsel discussed the substance of the anticipated motion to compel arbitration by telephone. Plaintiff's counsel advised the Company's counsel that he would consider submitting Plaintiff's claims to arbitration if the Company produced Plaintiff's acknowledgment of the ADR Procedure. (Moroski Decl., ¶ 3.)

On March 25, 2016, the Company produced Plaintiff's acknowledgment of the 2010 ADR Procedure. The acknowledgment demonstrates that Plaintiff received the Company's procedures governing arbitration and agreed to be bound by them. The Company's counsel advised Plaintiff's counsel that, absent a stipulation, the Company would file a motion to compel arbitration in compliance with Central District Local Rule 7-3. (Moroski Decl., **Exhibit B**.)

As of the date of the filing of this motion, Plaintiff's counsel has not advised the Company whether he will stipulate to submit Plaintiff's claims to arbitration. Accordingly, Defendant had no choice but to file this motion.

## III. ARGUMENT

### A. Plaintiff's Claims Are Subject to a Binding Arbitration Agreement and He Must be Compelled to Arbitrate Them.

Plaintiff expressly agreed to be bound by the 2010 ADR Procedure, which required him to submit his claims to arbitration. While Plaintiff did not formally acknowledge the 2015 amendments to the ADR procedure, he implicitly agreed to be bound by it because the Company provided him with the 2015 amendments and advised him that they would take effect regardless of whether he formally acknowledged them.

The ADR Procedure is valid and enforceable, either pursuant to the 2015 amendments that Plaintiff implicitly acknowledged, or in the alternative, but the 2010 policy that Plaintiff expressly acknowledged.  In either circumstance, Plaintiff must be compelled to arbitration.

#### 1. The Federal Arbitration Act Mandates Enforcement of the Arbitration Agreement in the ADR Procedures.

The applicable law for determining whether this case should be sent to arbitration is the FAA, *supra*, 9 U.S.C. § 1, *et seq.* *Aviation Data, Inc. v. American Express Travel Related Services Company, Inc.*, 152 Cal. App. 4th 1522, 1534-35 (2007).  The FAA governs the validity of arbitration agreements and evinces a strong federal policy favoring arbitration. *AT&T Mobility LLC v. Concepcion,* 131 S. Ct. 1740, 1745 (2011); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) ("Section 2 [of the FAA] is a congressional declaration of a liberal federal policy favoring arbitration agreements"); *In re Thorpe Insulation Co.*, 671 F.3d 1011, 1020 (9th Cir. 2012).  Under the FAA, courts must compel arbitration in disputes covered by a legally binding arbitration agreement. *Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).  Courts must resolve any doubts concerning arbitrability in favor of arbitration. *Moses,* 460 U.S. at 24-25.

In deciding whether to compel arbitration under the FAA, a court's role is limited to: "determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (internal quotation marks omitted). Here, GE Betz has a valid and enforceable ADR Procedure to which Plaintiff agreed to be bound. His claims are covered by the ADR Procedure, so he must be compelled to arbitrate them in lieu of proceeding in this Court.

### 2. Plaintiff's Electronic Signature is Legally Binding.

Under both federal and California law, Plaintiff's electronic signature on the 2010 ADR Procedure has the same force and effect as a hand-written signature. Both federal and California law provide that agreements may not be denied legal effect because they are in electronic form or have electronic signatures. 16 U.S.C. § 7001(a) provides that "a signature, contract or other record" relating to a transaction in or affecting interstate commerce "may not be denied legal effect, validity, or enforceability solely because it is in electronic form." 15 U.S.C. section 7001(a)(1). With respect to electronic signatures, the statute provides that "a contract relating to such transaction may not be denied legal effect, validity, or enforceability solely because an electronic signature or electronic record was used in its formation. *Id.* at § 7001(a)(2).

Similarly, California Civil Code section 1633.7 provides in relevant part that "[a] record or signature may not be denied legal effect or enforceability solely because it is in electronic form," and that "[a] contract may not be denied legal effect or enforceability solely because an electronic record was used in its formation." Civ. Code § 1633.7(a)-(b); *see Chau v. EMC Corp.*, No. C-18-04806-RMW, 2014 WL 842579, *4 (N.D. Cal. Feb. 28, 2014) (finding that an employee's electronic signature on an employment agreement with an arbitration provision was valid where the employee checked "yes" in acknowledging that an electronic signature is as valid as a signature by hand); *Tagliabue v. J.C. Penney Corp.*, No. 1:15-cv-01443-SAB,

2015 WL 8780577, at **2-3 (E.D. Cal. Dec. 15, 2015) (declaration of human resources employee sufficient to authenticate electronic signature).

### 3. The ADR Procedure Provides a Fair Process for Resolving Plaintiff's Claims Through Arbitration.

Plaintiff has no basis for refusing to submit his claims to arbitration, because he expressly agreed to be bound by the 2010 ADR Procedure and implicitly agreed to be bound by the 2015 amendments to the ADR Procedure. *Craig v. Brown & Root, Inc.*, 84 Cal.App.4th 416, 421-422 (employee's consent may be implied from his continued employment after the unilateral imposition of an arbitration agreement by the employer). The ADR Procedure (both the 2010 policy and the 2015 amendments) provides fair processes for resolving Plaintiff's claims. (Kozak Decl., **Exhibits B, F-G**.)

The ADR Procedure provides for resolution before a DRO such as the American Arbitration Association ("AAA"), with GE Betz paying all fees and expenses unique to the arbitration, including Plaintiff's time spent arbitrating his claims. The Procedure affords the employee sufficient discovery to pursue his or her claims and affords the arbitrator the same power and authority as a court to grant any remedy or relief that would have been available had the claim been asserted in court. (Kozak Decl., **Exhibits B, F-G**.)

In light of the foregoing, GE Betz respectfully requests that the Court compel Plaintiff to submit his claims for resolution in accordance with the ADR Procedures.

## IV. CONCLUSION

For each of the above reasons, GE Betz respectfully requests that the Court

/ / /

/ / /

/ / /

/ / /

/ / /

dismiss Plaintiff's claims and compel Plaintiff to submit them to arbitration in compliance with the ADR Procedure.

DATED: May 10, 2016

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Rachel J. Moroski*
MICHAEL N. WESTHEIMER
RACHEL J. MOROSKI

Attorneys for Defendant
GE BETZ, INC.

24019681.1