# EXHIBIT F

# SOLUTIONS

*An Alternative Dispute Resolution Procedure*

Version 8-21-15

SOLUTIONS

I.   **PURPOSE**

Solutions provides The General Electric Company  ("GE" or "the Company") and Covered Employees a fair, quick and efficient process to resolve certain claims arising out of or related to their employment relationship with the Company.

This Procedure is not a guarantee of employment for any fixed period of time and does not alter any employee's at-will status.   This Procedure, however, creates a binding obligation on Covered Employees and the Company for the resolution of employment disputes.

II.   **GENERAL**

A. **Summary of the Solutions Procedure**

Employees are encouraged to resolve issues informally, either through discussions with their immediate manager, others in the management chain, a human resources (HR) representative, or other Company Compliance representative.   Occasionally, however, informal efforts do not resolve an employee's concern, and in such cases an employee may submit his or her concern to Solutions.

Solutions is a structured dispute resolution procedure that consists of two internal levels of review followed by, if necessary and applicable, outside mediation (Level III) and arbitration (Level IV).   Levels III and IV apply only to Covered Claims, as defined herein.   The levels of Solutions are in a logical sequence, and employees must complete each level of the process before proceeding to the next level.

At Levels I and II, an employee and the management team meet in an attempt to address the employee's concern.   If the employee is not satisfied with the outcome of Levels I and II, and the concern is a Covered Claim, the employee may submit the claim to Level III. Similarly, if the Company has a Covered Claim against an employee, it would be submitted initially at Level III (the employee can then request a Level II meeting, if desired).   At Level III, an external mediator helps the employee and the Company open lines of communication in an attempt to facilitate resolution.

If there is no resolution at Level III and the party wishes to pursue the concern, the next step is Level IV arbitration.   At Level IV, an external arbitrator provides the employee and the Company with a binding decision on the merits of the Covered Claim(s).   Both

mediation and arbitration under Levels III and IV will be administered by a nationally recognized dispute resolution organization ("DRO").   Employees may obtain information regarding which DRO has been designated to handle proceedings at Level III and IV and the DRO's rules governing such proceedings from the Solutions Administrator or the local HR manager.

### B. Company

The Company includes GE and its past, present and future subsidiaries, affiliates, joint ventures, and parents, and, as to each of these, their officers, directors, agents, supervisors/managers acting within the scope of their employment, and any of its or their successors or assigns. For the avoidance of doubt, the Company includes any entity or persons included above, regardless of whether the entity remains a subsidiary, affiliate, joint venture or parent at the time the claim is brought.

### C. Solutions' Relationship to Other Appeal Procedures

Where the Company has implemented a peer review program and an employee has submitted a concern to it, the peer review program will replace Levels I and II of Solutions.  After the conclusion of the peer review procedure, a Covered Employee (as defined below) may pursue a Covered Claim through Solutions, starting at Level III.

### D. Entire Agreement

This Procedure constitutes the sole agreement between the Company and its employees concerning the requirements of Solutions and may not be modified by written or oral statements of any Company representative, except as noted in Appendix A.   If there are conflicts between the requirements of this Procedure and other Company policies, procedures, publications or statements by Company representatives regarding matters addressed by this Procedure, the requirements of this Procedure control.

All concerns/claims shall be processed under the terms of the Procedure in effect at the time the concern/claim is first submitted.

Employees not bound by Solutions but who are otherwise covered by a pre-existing alternative dispute resolution procedure with the Company that provides for final and binding resolution of Covered Claims remain bound by the pre-existing procedure.

### E. Covered Employees; Applicability of Solutions

Covered Employees are U.S.-based (or U.S. citizens working outside the United States) current, or former employees who left the Company after the effective date of Solutions, not represented by a labor union, who are or were employed by the Company (as defined in Section II.B), as further detailed in Appendix A.

Covered Employees continue to be obligated to use Solutions (including Level IV) following termination of their employment with respect to any and all Covered Claims they may have.  The Company also must use Levels III and IV of Solutions to address Covered Claims the Company may have against a Covered Employee, consistent with the definitions of "Covered Claims" and "Excluded Claims" set forth below.

**Special Note:   Registered Employees**

For regulatory reasons, registered employees have different options available to them for resolving claims past the mediation stage.   Registered employees are bound by the rules of the Financial Industry Regulatory Authority (FINRA), as described in the U-4 agreement, which states that certain claims must be brought to mandatory arbitration before FINRA. Covered Claims that are not compelled to mandatory FINRA arbitration must be addressed through Solutions.

## F.  Non-Covered Employees

Employees not otherwise bound by a Company alternative dispute resolution procedure (*e.g.*, certain former employees) may request the Company's agreement to resolve Covered Claims through Solutions beginning at Level III.

## G.  Filing Charges with Government Agencies

Nothing in this Procedure is intended to discourage or interfere with the parties becoming familiar with and/or taking advantage of their rights to file administrative claims or charges with government agencies or authorities, such as the Equal Employment Opportunity Commission (www.eeoc.gov), the U.S. Department of Labor (www.dol.gov), the National Labor Relations Board (www.nlrb.gov), the Office of Federal Contract Compliance Programs (www.dol.gov/ofccp), and law enforcement authorities. Either party may request that an administrative agency or authority with which the other party has filed a claim or charge defer processing that claim or charge pending exhaustion of the Solutions process.

## H.  Solutions Administrator

The Solutions Administrator will:

- Coordinate the receipt and processing of employees' claims with managers and with HR representatives;
- Answer questions about Solutions;
- Monitor the Company's and employee's compliance with all time requirements;
- Confirm scheduling of Level I and Level II meetings, as well as schedule mediation meetings and arbitration hearings at Levels III and IV;
- Process requests for production of information;
- Schedule the Company's participation in pre-arbitration communications with arbitrators and with employees regarding specific discovery issues;
- Work with Company representatives, employees, their attorneys, and the DRO to select and schedule mediators and arbitrators;
- Function as the Company's administrative liaison with the DRO; and
- Process requests for extensions of Solutions deadlines.

## I.  Covered Claims

While employees may submit to the appropriate Solutions Administrator any employment-related concern at Levels I and II, only Covered Claims will be accepted and processed at Levels III and IV.   Covered Claims include all claims that arise or arose out of or are or were related to an employee's employment or cessation of employment

4

(whether asserted by or against the Company), where a court or agency in the jurisdiction in question would otherwise have the authority to hear and resolve the claim under any federal, state or local (<u>e.g.</u>, municipal or county) statute, regulation or common law. Covered Claims do not include Excluded Claims (as defined in Section II.J.).

**Covered Claims** <u>must involve legally protected rights and include the following</u>:

- Claims relating to compensation, promotion, demotion or other employment actions;

- Claims relating to leaves of absence provided by law;

- Claims relating to involuntary terminations, such as layoffs and discharges (including constructive discharges), notice of mass layoffs and/or plant closings;

- Employment discrimination and harassment claims, based on, for example, age, race, sex (including pregnancy), sexual orientation, gender identity or expression, religion, national origin, veteran status, citizenship, handicap/disability, or other characteristic protected by law;

- Retaliation claims for legally protected activity and/or for whistleblowing;

- Claims of breach of contract including but not limited to breach of a personal services contract or other written employment contract, confidentiality agreement or restrictive covenant (express or implied) and/or promissory estoppel;

- Tort claims (such as intentional torts, negligence, defamation, invasion of privacy, infliction of emotional distress, etc.);

- Claims of violation of public policy;

- Claims of violation of this Procedure; and/or

- Claims that the employee and the Company expressly agree in writing should be treated as Covered Claims.

**J.   Excluded Claims**

**Excluded Claims,** <u>which are excluded from Levels III and IV of Solutions, are claims that allege the following concerns</u>:

- Claims that do not allege legally protected or enforceable rights in the jurisdiction in question;

- Claims for benefits under a Company benefit plan covered by the Employment Retirement Income Security Act of 1974 (ERISA), or any other claims covered by ERISA; including claims of service miscalculation to the extent such calculations determine eligibility for, or level of benefits under, a plan governed by ERISA;

- Claims for workers' compensation or unemployment compensation benefits;

- Claims under the National Labor Relations Act;

5

Exhibit F

Page 44

- Intellectual property claims (for example, and without limitation, those relating to patents, trademarks and copyrights) that may be conclusively determined through the use of proceedings in any governmental patent, trademark or copyright or other intellectual property agency or office in any country.

- Claims based on alleged violations of the GE Policy on Working with Governments including, but not limited to, alleged violations of the federal False Claims Act (except retaliation claims) or federal procurement laws or regulations (these should be reported to the Ombudsperson or a Company Compliance representative); and

- Claims brought by or against Covered Employees, where a third party would be necessary to the resolution of any claims or where the absence of the third party could subject the Company or the Covered Employee to inconsistent obligations, and all parties do not agree to participate in Level III and to be bound by an arbitration under Level IV of Solutions.

**Claims which are excluded from Level IV of Solutions** (but must be processed under Levels I, II and III (unless waived by the parties) include:

- Claims that are not arbitrable as a matter of law;

- Claims that may not be subject to a pre-dispute arbitration agreement, including the certain claims under the Sarbanes-Oxley Act of 2002, Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203), or disputes covered by any government-contracts statute or Executive Order (such as the Franken Amendment, first enacted in Section 8116 of the Defense Appropriations Act of 2010 or any successor statute, or Executive Order 13673, if the employee works for a business unit with a covered contract that requires such exclusion).

- The parties may agree, after a claim arises, that claims otherwise excluded from Level IV be subject to binding arbitration under this Procedure.

The exclusion of Company benefit plans above precludes a claim alleging a violation of such plans but does not prevent an arbitrator from including in an award, in connection with a Covered Claim, the monetary value of lost Company benefits caused by a wrongful termination of employment or other violation of law.

### K. Exclusivity of Arbitration for Covered Claims; Injunctive Relief; Individual Nature of Covered Claims

Covered Employees and the Company are not allowed to litigate a Covered Claim in any court.   However, a provisional remedy (e.g., a temporary restraining order or a preliminary injunction) to preserve or reinstate the status quo pending the resolution of the Covered Claim pursuant to Solutions may be sought at any time in a court of competent jurisdiction.

Covered Employees and the Company waive their right to bring any Covered Claims as, or against, a representative or member of a class or collective action (whether opt-in or opt-out) or in a private attorney general capacity, unless all parties agree to do so in writing.  All Covered Claims must be brought on an individual basis only in Solutions.

6

Without waiving the Company's right to enforce this Procedure's provisions regarding class and collective action waivers, nothing in this Procedure prohibits employees from acting concertedly to challenge the terms of Solutions and they will not be subject to discipline or retaliation by the Company for doing so.

A court shall have the sole authority to determine the enforceability of the waiver in the prior paragraph.  If a court determines, in a final non-appealable ruling, that the waiver in the prior paragraph is unenforceable, any claims brought as a putative collective, class or representative (e.g., private attorney general actions) action will be considered Excluded Claims that must be pursued (if at all) in court.   If at any point a court finds that claims addressed in this section are not appropriate for treatment as a class, collective or representative action, the claims must proceed (if at all) through Solutions as individual claims.

## L.  Exhaustion of Resolution Levels

Covered Employees and the Company must satisfy the requirements at each level of Solutions before proceeding to the next level, except when the parties have mutually agreed to skip a Solutions Level(s) as discussed below.   Any Covered Claim that the Company may wish to assert against an employee, whether as an original claim or counterclaim, must be initiated at Level III, and the employee can then request that a Level II meeting be held before the Level III mediation.

While the Company encourages employees to attempt to resolve issues at Level I, the Company recognizes that there may be appropriate situations where employees would prefer to initiate their concerns at Level II.   When an employee submits a concern initially to Solutions, the employee may request on the Submission Form to skip Level I. The Solutions Administrator will advise the employee before the first scheduled meeting whether the Company agrees to discuss the concern initially at Level II.   In all appropriate cases, however, employees will be encouraged by the Solutions Administrator to engage in initial discussions with his or her direct manager prior to engaging in Level I or Level II proceedings.   Where circumstances warrant, the parties also may agree to skip Solutions Level II.

The failure to submit Covered Claims at all levels of Solutions within the deadlines established by this Procedure constitutes a failure to complete the Solutions process, unless the parties agree to an extension of deadlines or the arbitrator (where Level IV applies) rules that such failure was the result of excusable delay.

## M. Statutes of Limitations and Administrative Agency Filing Deadlines

A statute of limitations is the time period within which a person must file a claim.  The length of the applicable statute of limitations is determined by the legal nature of the claim.   Different statutes of limitations apply to different claims.   Courts do not have authority to decide claims or grant relief with respect to claims filed after the expiration of applicable statutes of limitations.   The time period for filing a claim in court normally begins with the occurrence of the event or conduct that is the basis of a person's claim, but may begin at a later time, depending on the circumstances.   The time period for filing the claim in court ends upon the expiration of the time period established by the applicable statute of limitations.

Administrative agency filing deadlines can affect an employee's legal rights in different ways.   Some statutes require individuals to file administrative claims with government agencies (e.g., the Equal Employment Opportunity Commission - EEOC) as a prerequisite for filing such claims in court.   In this context, administrative agency filing deadlines are the time periods within which individuals must file administrative claims with, for example, a federal agency.   Such deadlines also may apply to the time period for filing a claim in court after a government agency has discontinued its investigation of the claim.

In order to submit Covered Claims to Level III and Level IV of Solutions, employees must have submitted such claims to Level I (and the Company must have submitted to Level III) before the expiration of the applicable statutes of limitations and/or administrative agency filing deadlines for such Covered Claims.   Where either party files a Covered Claim with an administrative agency or in a court that has (or, absent Solutions, would have) jurisdiction over the Covered Claim before the expiration of the applicable limitations period, the other party agrees to stop the further running of the limitations period as to that Covered Claim while it is pending before the agency or court until ninety days from the time a decision is made by the court regarding the appropriate forum for resolution, or the agency process has been concluded.

Where a party's initial submission of a Covered Claim to Solutions occurs before the expiration of the applicable statute of limitations for filing in court, the opposing party agrees to stop the further running of the statute of limitations while the parties complete the Solutions process.   In the case of administrative agency filing deadlines, the Company agrees to request that the agency treat the running of filing deadlines as having been stopped.   Nothing in this paragraph is intended to interfere with the right of administrative agencies to investigate and otherwise process claims or relieve a party with Covered Claims that, under Solutions, must be arbitrated at Level IV, from adhering to the deadlines established by Solutions in accordance with Section II.N. below.

Each party shall be solely responsible for determining the correct statutes of limitations and/or administrative agency deadlines applicable to their Covered Claims.   Either party's failure to reject a Covered Claim that has been submitted to Level III of Solutions after the expiration of the applicable statutes of limitations or administrative agency deadlines shall not waive the party's right to assert as a defense at a later time the untimeliness of the Covered Claim.

## N. Deadlines[1] Established by this Procedure

This Procedure establishes deadlines for certain actions.   Examples include, but are not limited to, deadlines for submitting claims to different levels of Solutions and the Company's issuance of written responses.   Deadlines are established by this procedure rather than by law and are different from statutes of limitation.

The parties agree they will make a good faith effort to comply with the deadlines in this

---

[1] Any deadline under this Procedure that falls on a weekend or holiday will be extended to the next business day.

Procedure.   The Company's failure to respond at any level of Solutions to the submission of an employee claim by the expiration of the applicable deadline will be considered a denial of the claim and enable the employee either to submit his/her claim at the next level or demand a response from the Company before proceeding to the next level.

A Covered Employee who fails to adhere to the stated deadlines in Levels I through III and who wishes to proceed with his or her Covered Claim at Level IV must provide the Solutions Administrator with the reasons for such failure.   In the event the Solutions Administrator does not excuse the Covered Employee's failure to adhere to the deadlines, the parties agree to submit to an arbitrator selected in accordance with the Level IV procedures the limited issue of whether the employee had good and sufficient cause for his or her failure.   If the arbitrator so finds, he or she will preside over the arbitration of the Covered Employee's claim(s) in accordance with the Level IV procedure.   If not, the claim will be deemed abandoned and the Covered Employee will have no further right to proceed on such claim in any forum.   These rules apply equally to a Company failure to adhere to stated deadlines in Level III with respect to any claim it may bring against a Covered Employee.

The effect of the failure by either party to adhere to the deadlines at Level IV, including whether such failure will be excused or may result in sanctions or other penalties, shall be determined by the arbitrator in accordance with the DRO's rules.

**O. Severability**

In the event that any provision of this Procedure is determined to be legally invalid or unenforceable, and cannot be modified to be enforceable, the affected provision shall be stricken from the Agreement.   The remaining terms of the Agreement and its enforceability shall remain unaffected, except as noted in Section II.K in the event that a court determines the waiver of the right to bring a class, collective or representative action is unenforceable

**P. Rules of Administration for Mediation and Arbitration**

For each location covered by Solutions, the Company has designated a DRO which shall handle any and all proceedings at Level III and Level IV for employees based in such location.   Employees may obtain information regarding the DRO designated to handle their Covered Claims, including the name and location of the DRO and the DRO's current rules of procedure, from the Solutions Administrator, or the local HR manager. Except as provided otherwise by this Procedure, the mediation and arbitration of Covered Claims will be administered by the designated DRO under its current rules for mediation and for arbitration, as may be amended, without notice by the DRO.

**Q. Agreement to Arbitrate in Interstate Commerce**

For all Covered Employees, this Procedure is an agreement to arbitrate pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. Sections 1-14, or if that Act is held to be inapplicable for any reason, the arbitration law in the state in which the arbitration hearing is held.   The parties acknowledge that the Company is engaged in transactions involving interstate commerce and that the employees eligible to

9

participate in Solutions are not employed by the Company as seamen, railroad employees, or other class of worker engaged in foreign or interstate commerce as provided in the FAA.

### R. Retaliation is Prohibited

Company employees at all levels are strictly prohibited from retaliating against anyone for submitting a concern or claim to, or otherwise participating in, Solutions.   Any concern that retaliation has occurred must be reported promptly to the employee's supervisor, local HR representative, the Company Ombudsperson or other Company Compliance representative, and may be submitted as a concern to Solutions.   Any employee who engages in retaliatory conduct will be subject to discipline, up to and including discharge.

### S. Consolidation of Additional Covered Claims

The parties are solely responsible for including in the Solutions Submission Forms all Covered Claims arising from substantially the same set of facts and circumstances. Consequently, if a party wants to raise, or raises in any manner at any time during the Solutions process, new Covered Claims or new facts which give rise to new Covered Claims, the party shall include such claims and/or facts in a new Submission Form at the appropriate level.   The responding party at its sole discretion may consolidate new Covered Claims at the level of the other party's pending claims, or may elect to address the new Covered Claims at the applicable level for a new Covered Claim.

### T. Finality of Solutions

Any resolution of a concern or claim reached through Solutions is final.   This means that neither an employee nor the Company can bring forward a concern or claim in Solutions or in court that is based on substantially the same set of facts and circumstances as one that has been processed in accordance with the terms of Solutions.

### U. Governing Law

This Agreement shall be construed, interpreted and applied in accordance with the law of the State of New York, without regard to choice of law principles.

## III.   PROCEDURE AND RESPONSIBILITY

<u>Preliminary note</u>:   In all appropriate instances, employees are encouraged to first discuss their concern with their direct manager and/or HR representative before submitting it to Solutions.

### A. Level I – Direct Manager Meeting

1. <u>Submission of Claims</u>.   Using the Solutions Level I Submission Form,[2] the employee

---

[2] See Appendix B for sample Solutions claim forms.

shall submit his/her claims to the Solutions Administrator, who will provide copies to the employee's manager and/or to his/her HR representative.   The employee should keep a copy of the completed Level I Submission Form.

2. <u>Statutes of Limitations for Submission of Claims</u>.   There are no time limits for employees' submission of claims at Level I.   However, the Company shall not accept Covered Claims at Level III, unless the employee has submitted his/her Covered Claims at Level I (or at Level II if Level I is skipped) before the expiration of the statutes of limitations applicable to such claims.

3. <u>Scheduling of Level I Meeting within 30 Days</u>.   The Solutions Administrator will confirm that the manager and the employee have scheduled a Level I meeting on a date not later than 30 calendar days after the Company's receipt of the employee's written submission.

4. <u>Attendees at Level I Meeting</u>.   The employee meets with his/her manager (or designee).  Either the employee or manager may require the attendance of the employee's HR representative (or designee) at the Level I meeting.  If the employee's manager was not directly involved with the events which form the basis of the employee's concerns, the appropriate Company representatives who were involved in the events also may participate in the meeting.   No one else may attend the meeting. While this Procedure is not intended to prevent either party from seeking legal advice regarding the employee's concerns, neither party may have an attorney present at the Level I meeting.

5. <u>Requests for Documents</u>.   By request to the Solutions Administrator, an employee may gain access to documents from his/her personnel and medical files in the Company's possession that are relevant to the employee's concern.   Upon request and to the extent possible, the Solutions Administrator will make such documents available to the employee in advance of the Level I meeting.

6. <u>Meeting Length and Format</u>.   Level I will consist of a single meeting not to exceed two hours, unless the employee and manager agree to extend the meeting or to hold additional meetings.   At the meeting, the employee shall state the basis for his/her claim and the nature of the resolution he/she is seeking.   In addition to the discussion, the employee may present written information or documents to assist in his or her explanation of the claim.

7. <u>Recording of the Proceedings</u>.   Neither a formal record or transcript may be made, nor electronic recording device used, at the Level I meeting.   However, the parties may make notes during the meeting.

8. <u>Confidentiality and Inadmissibility of Discussions</u>.   Statements made in the meeting are understood to be solely for the purpose of reaching a resolution of the employee's claim and shall be kept confidential by the employee except as provided below, and conveyed on a need-to-know basis by the Company. However, either party may gather information in support of the effort to resolve the claim as long as it is not done in violation of Company policy or law.

Neither party, unless compelled by law, shall attempt to use statements made by the other party at the meeting in any arbitral, judicial or other proceeding to

impeach the testimony of the other party's witnesses, or as evidence of:  (a) views expressed or suggestions made by another party with respect to a possible settlement of the dispute; (b) admissions made by a party in the course of meeting; (c) proposals made or views expressed by a party; or (d) the fact that a party had or had not indicated willingness to accept a proposal for settlement.   The employee may disclose the contents of the meeting to his/her spouse and attorney, however, provided they first agree not to disclose such information to others.

Notwithstanding this provision or any other confidentiality requirement of this Procedure, nothing in this Procedure shall prevent employees from communicating or cooperating with any government agency investigation into matters that occurred during the Solutions proceedings or during their employment with the Company, or communicating to colleagues or others about the substance of their claim or concern.

9. <u>Company Response within 30 Days</u>.   The Company will provide the employee with the Company's written response within 30 calendar days of the conclusion of the Level I meeting.

**B. Level II – One-Over-One Manager Meeting**

1. <u>Submission of Claims</u>.   If the employee is not satisfied with the resolution at Level I, he/she may proceed to Level II by submitting the Solutions Level II Submission Form within 30 calendar days of his/her receipt of the Company's written response to the employee at Level I.   The employee must provide on the form any additional information regarding his/her claims not provided at Level I that may be helpful in reaching a resolution.   The Solutions Administrator shall immediately forward copies of the employee's concerns at Level II to the appropriate higher-level manager (or designee) and/or HR representative.

2. <u>Statutes of Limitations for Submission of Claims</u>.    Same as Level I.

3. <u>Scheduling of Level II Meeting within 30 Days</u>.    The Solutions Administrator will confirm that the higher-level manager (or designee) and the employee have scheduled a Level II meeting on a date not later than 30 calendar days after the Company's receipt of the employee's written submission.

4. <u>Attendees at Level II Meeting</u>.   The Level II meeting shall include the employee, a higher-level manager (or designee) than the manager who attended the Level I meeting, and the appropriate HR representative (or designee).   In addition, either the employee or higher-level manager (or designee) may require the attendance of any Company representative who attended the Level I meeting.   The Company may also involve, as necessary, other Company representatives at the Level II meeting.   No one else may attend the meeting other than those identified in this paragraph.   While this Procedure is not intended to prevent either party from seeking legal advice concerning the employee's concerns, neither party may have an attorney present at the Level II meeting.

5. <u>Requests for Documents</u>.    Same as Level I.

6. <u>Meeting Length and Format</u>.    Same as Level I.

7. <u>Recording of the Proceedings</u>.   Same as Level I.

8. <u>Confidentiality and Inadmissibility of Discussions</u>.   Same as Level I.

9. <u>Company Response within 30 Days</u>.   Same as Level I.

10. <u>Level II meeting requested by employee on Company initiated Covered Claim.</u>  An employee may, within 15 calendar days of receipt of the Employer's Level III submission of a Covered Claim against the employee, request that a Level II meeting be held.  Upon receipt of the employee's request, the Solutions Administrator will schedule a meeting, to be held within 30 calendar days, between the Covered Employee and a Company-designated representative. Sections III.B.5-8 shall apply to such meeting and the employee may submit a written response to the Solutions Administrator within 30 calendar days of the meeting.

## C. Level III – Mediation

If the employee is not satisfied with the Level II resolution of his/her concern, he or she may proceed to Level III mediation as provided below.   However, only Covered Claims shall be processed at Level III.   Any Covered Claim that the Company may wish to assert against an employee, whether an initial claim or a counterclaim, must be asserted at Level III, unless the employee requests that a Level II meeting first be held. The term Claimant as used in Sections III.C. and III.D. below shall mean either the employee or the Company, whichever party is bringing the claim at Level III or IV.

1. <u>Description</u>.   Mediation involves an attempt by the parties to find common ground on which to voluntarily resolve their dispute with the aid of a neutral third party not employed by the Company.   The mediator's role is advisory.  The mediator may offer suggestions, but resolution of the dispute rests with the parties themselves. As a result, the mediator or either party may end the mediation whenever, in his/her judgment, further efforts at mediation would not contribute to a resolution of the dispute.

2. <u>Submission of Claims to Level III – Covered Claim Determination and Time Limits</u>. The employee shall use the Solutions Level III Submission Form to submit his/her Covered Claims to the Solutions Administrator at Level III within 30 calendar days of the date of the Company's written response at Level II.  The Company shall use the same form to submit its Covered Claims to the employee and the Solutions Administrator.   Claimants are required to identify on the Level III Submission Form all legal claims that arise out of the same facts and to include all facts that support the Claimant's legal claims, including, in the case of an employee's claim, facts which conflict with the Company's stated reasons for denying the employee's claims at Level II.   In addition, the Claimant must include the dates of each alleged legal violation, the names of individuals who have knowledge about each alleged legal violation and the nature of their involvement, and any documents or other evidence that support the claims.

The Solutions Administrator, within 30 calendar days of receipt of the Level III submission, will determine whether the claim is a Covered Claim.   If it is not a

Covered Claim, the Solutions Administrator will notify the Claimant that the claim
has been rejected, which will end the Solutions process.   If it is a Covered Claim,
the Solutions Administrator will work with the parties to file a joint request for
mediation with the DRO previously designated by the Company.  The request for
mediation shall contain a brief description of the nature of the Covered Claims and
the names, addresses, and telephone numbers of all parties to the dispute and
their representatives, if any.   The fact that a claim is allowed to proceed at Level III
(and, if applicable, later at Level IV) is not a waiver of any defense to such claim,
including without limitation that such claim is untimely or fails to state a claim
upon which relief may be granted.

3.  Selection of a Mediator.   The employee and the Company may select a mediator
by agreement.   Absent such agreement, the DRO will provide an initial list of seven
mediators for both parties to consider.  Each party may strike up to three
mediators and rank those that remain, from which the DRO will appoint a
mediator.   If acceptable mediators are unable to serve, of if for any other reason
appointment cannot be made from the initial list, the DRO and parties will repeat
the process until a mediator can be appointed.

4.  Qualifications of Mediators.   In addition to not having any financial or personal
interest in the result of the mediation, mediators shall be licensed attorneys or
former judges with a minimum of five years' relevant experience in the area of law
at issue. For claims relating to intellectual property (for example, and without
limitation, those relating to patents, trademarks, copyrights and trade secrets),
mediators shall have a minimum of ten years' experience as an attorney practicing
in the relevant area of intellectual property law.

5.  Date, Time, and Place of Mediation.   If the parties fail to agree on a date, time and
place for mediation, the mediator shall schedule the mediation on a normal
business day during normal business hours, no later than 90 calendar days after
the date of the pre-mediation meeting/call.   Unless the parties agree otherwise, or
the mediator directs otherwise, the parties shall use the DRO office nearest to the
employee's work location to mediate the dispute.   If the DRO's office is
unavailable, the mediator shall select a convenient, neutral site.

6.  Length of Mediation.   Either of the parties or the mediator may end the mediation
at any point.   However, the length of the mediation shall not exceed one 8-hour
day, unless both parties and the mediator agree to an extension.

7.  Requests for Documents.   Same as Level I, unless the parties agree otherwise.

8.  Identification of Matters in Dispute.   Unless otherwise ordered by the mediator,
each party shall provide to the mediator a brief written summary of the dispute
setting forth the party's position concerning all claims and defenses at least 14
calendar days prior to the scheduled mediation.   This summary shall be for the
mediator only, shall not be shared with the other party and shall not be admissible
as evidence in any other proceeding.

9.  Attendees at Mediation.   Either party may be assisted or represented by counsel.
The mediation shall be a private meeting of the parties and the mediator.  Without
the written agreement of both parties, no one may attend the mediation except

the mediator, the employee, Company representatives and each party's attorneys.

10. <u>No Stenographic Record or Electronic Recording</u>.   No formal record or transcript may be made, nor electronic recording device used, at the mediation.   However, the parties may make notes during the mediation.

11. <u>Confidentiality and Inadmissibility of Mediation Discussions</u>.  The mediator shall not disclose to anyone outside the mediation any information provided by the parties in the course of the mediation.   The mediator shall not be compelled to disclose any information related to the mediation or to testify in regard to the mediation in any other proceeding or judicial or arbitral forum.

The parties shall maintain the confidentiality of the mediation.   On or before the date of the mediation, the mediator and the parties shall sign a mediation confidentiality agreement.   Statements by the parties at the mediation are understood to be solely for the purpose of reaching a resolution of the claims and shall be kept confidential by the employee except as provided below, and conveyed by the Company on a need-to-know basis.   Either party may gather information in support of the effort to resolve the concern, as long as it is not done in violation of Company policy or law.

Neither party shall, unless compelled by law, attempt to use statements of the other party or the other party's representatives in any arbitral, judicial or other proceeding to impeach the testimony of the other party's witnesses, or as evidence of:   (a) views expressed or suggestions made by another party with respect to a possible settlement of the dispute; (b) admissions made by another party in the course of the mediation proceedings; (c) proposals made or views expressed by the mediator; or (d) the fact that the other party had or had not indicated willingness to accept a proposal for settlement made by the mediator.   The employee may disclose the contents of the mediation to his/her spouse and attorney; provided, however, they first agree not to disclose such information to others.

Notwithstanding this provision or any other confidentiality requirement of this Procedure, nothing in this Procedure shall prevent employees from communicating with or cooperating with any government agency investigation into matters that occurred during the Solutions proceedings or during their employment with the Company, or communicating to colleagues or others about the substance of their claim or concern.

12. <u>Costs and Fees</u>.   The Company will pay (1) the DRO filing and other administrative fees; (2) the mediator's fee and his/her reasonable travel and living expenses; and (3) the cost of renting mediation rooms.   The Company also will pay for the time spent at the mediation by a Claimant still employed by the Company as follows: ( 1) non-exempt employees will be paid at their regular base rate for time in mediation that occurs during their regularly scheduled hours; and (2) exempt employees will continue to receive their regular salary.

The Company shall pay the fees and expenses of the mediator by making such payments directly to the DRO.   The DRO shall then pay the mediator without disclosing the source of such payments.  To avoid disclosing to the mediator the source of the payment of his/her fees and expenses and other costs of mediation, all references to

15

the "costs and fees" of Solutions shall be redacted from copies of this Procedure which are provided to the mediator.

The parties shall each pay their own attorneys' fees and costs.   However, in the event that the parties agree to a settlement at Level III and execute a settlement agreement and release, the Company will reimburse the employee up to $2,500, for his/her reasonable attorneys' fees directly related to the mediation.   The employee will be expected to provide valid proof of such fees.   The Company will not reimburse employees for attorneys' fees for Levels I or II.

13. <u>Conclusion</u>.   If the mediation has been successful, Level III proceedings will conclude with the execution of a settlement agreement and release, or other arrangement as agreed to by the parties and/or the mediator.   If the mediation is unsuccessful, as determined by the mediator and/or a party, Level III will conclude at the time of this determination.

### D. Level IV – Arbitration

1. <u>Description</u>.   Arbitration is a dispute resolution process in which the employee and the Company present their respective positions concerning the Covered Claims to an impartial third-party arbitrator who determines the merits of the claims.   An arbitration hearing resembles a court proceeding in certain ways.   Both parties have the opportunity to be represented by an attorney, to make opening statements, to present the testimony of witnesses and to introduce exhibits through witnesses, to cross-examine the other party's witnesses and to make closing statements.   Arbitration differs from mediation in that the arbitrator renders a final and binding decision on the merits of the Covered Claim and can impose remedies.  The Procedures below contain certain guidelines on discovery and witnesses in an effort to further the interests of simplicity and expedition of arbitration.   These guidelines will apply unless the arbitrator determines that they will prevent the party from obtaining information and/or presenting evidence that will assist the party in proving a claim or defense, in which case the arbitrator shall have authority to make reasonable alterations to such guidelines.

2. <u>Submission of Claims to Level IV and Time Limits</u>.   The Claimant shall use the Solutions Level IV Submission Form to submit Covered Claims to the Solutions Administrator within 30 calendar days of the date a party and/or the mediator determines that the mediation at Level III has not been successful.   The Level IV Submission Form requires the provision of any available additional information regarding the Covered Claim.

3. <u>Initiation of Arbitration</u>.   The Solutions Administrator and the employee and/or the employee's attorney shall file a joint request for arbitration with the DRO previously designated by the Company within 30 calendar days of the Solutions Administrator's receipt of the Claimant's submission at Level IV.   The arbitration request shall comply with the DRO's arbitration rules and, at a minimum, shall contain the Claimant's statement of the nature of the Covered Claims, the amount of damages, if any, alleged and the nature of any other remedy sought.   The Solutions Administrator will forward the joint request to the DRO.   Failure to cooperate in the submission of the joint request may result in the forfeiture of a claim, as determined by an arbitrator selected by the DRO for this purpose.

4. <u>Selection of an Arbitrator</u>.   The parties may select an arbitrator by agreement.   In the event of agreement, the Company will notify the DRO of the name of the selected arbitrator and the DRO will appoint the arbitrator.   However, if the parties cannot agree to the selection of an arbitrator before the submission of their joint request for arbitration, the DRO will provide an initial list of seven arbitrators.  The parties may each strike up to three arbitrators and rank those remaining, from which the DRO will appoint an arbitrator.  If acceptable arbitrators are unable to serve, of if for any other reason appointment cannot be made from the initial list, the DRO and parties will repeat the process until an arbitrator can be appointed.

If requested by the employee, the Company will make a good faith effort to identify any arbitrators on the DRO's arbitrator selection list(s) who have rendered an arbitration award in Solutions disputes between the Company and any of its employees within the last five years and, without divulging the identity of any employee involved or compromising the confidentiality of the proceeding, will inform the employee whether the decision was in favor of the Company or the employee in such arbitrations.

5. <u>Qualifications of a Neutral Arbitrator</u>.   In addition to not having any financial or personal interest in the result of the arbitration, arbitrators shall be (a) licensed attorneys with a minimum of either ten years' experience in the practice of employment law and five years regularly acting as an arbitrator of employment law claims or fifteen years regularly acting as an arbitrator of employment claims, or (b) former judges with a minimum of ten years on the bench. For claims relating to intellectual property (for example, and without limitation, those relating to patents, trademarks, copyrights and trade secrets), arbitrators shall have a minimum of ten years' experience as an attorney practicing in the relevant area of intellectual property law.

6. <u>Discovery</u>.   Discovery is the process by which parties to a pending Covered Claim obtain certain non-privileged information in the possession, custody or control of the other party, which is relevant to the proof or defense of the Covered Claim, including information concerning the existence, description, nature, custody, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any such matter.   Promptly after appointment, the arbitrator shall hold an initial conference with the parties to discuss matters pertinent to the proceedings including a plan for discovery.   The arbitrator shall have the authority to order such discovery, by way of deposition, interrogatory, document production, requests for admission or otherwise, as the arbitrator considers necessary for a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration.   Discovery is subject to certain presumptive guidelines set forth below.   The arbitrator may depart from these guidelines by increasing or decreasing the amount of discovery based on the facts of the particular claim.

a. <u>Initial Disclosures</u>.  Either party may request the arbitrator to order initial disclosures to be made within 30 calendar days following the initial scheduling conference with the arbitrator.  If ordered, the initial disclosures will comply with Federal Rule of Civil Procedure §26(a)(1).

b.  <u>Protective Orders</u>.   The arbitrator may issue protective orders in response to a request by either party or by a third-party witness.

c.  <u>Guidelines on Discovery</u>.   Either party may seek from the other party discovery of the types described below to the extent relevant to claims or defenses before the arbitrator.   The arbitrator shall have the authority to modify the discovery guidelines set forth below in consideration of the interests of simplicity and expedition of arbitration balanced against value of the information in establishing a claim or defense.

   i.  <u>Interrogatories</u>.   Interrogatories are written questions that must be answered by the responding party under oath.   Each party may submit up to 20 separately numbered interrogatories to the other party.   Subparts to interrogatories will count as separate interrogatories.   Answers and objections to interrogatories must be served on the inquiring party within 30 calendar days of receipt.

   ii.  <u>Document Requests</u>.   Each party may serve up to 15 requests for documents or things.   Responsive documents or things, not including those that are privileged, attorney work product or subject to a protective order, in the responding party's possession, custody or control and/or objections to the requests must be served on the inquiring party within 30 calendar days of receipt.   The requesting party shall bear the reasonable cost of compliance with the request, subject to paragraph 22 below.

   iii.  <u>Requests for Admission</u>.   Each party may serve up to 15 requests for admission related to the pending Covered Claim(s).   The requests shall seek the responding party's admission of the truth of any matter that is not privileged and that is relevant to the Covered Claim(s) or defenses.   Responses and/or objections to the requests must be served on the inquiring party within 30 calendar days of receipt.   The subject of the requests shall be deemed conclusively admitted if the responding party fails to respond or object within the 30 calendar days, unless the arbitrator permits withdrawal or amendment of the admission.

   iv.  <u>Depositions</u>.   A deposition is an oral statement under oath that is given in response to specific questions asked by one of the parties and that usually is recorded or transcribed by a court reporter.   Each party shall be entitled to take the deposition of up to three individuals after having given the other party reasonable notice of the identity of the individual to be deposed and the time and place of the deposition.   The party taking the deposition shall be responsible for the costs of the court reporter and each party shall be responsible for the cost of any transcript it may request.

   v.  <u>Duty to Supplement Disclosures and Discovery Responses</u>.   A party who has made an initial disclosure or who has responded to a request for discovery is under a continuing duty to timely supplement or correct the disclosure or response to include information learned or acquired after the initial disclosure or response was made.

vi.  <u>Time for Initiation and Completion of Discovery</u>:   In order to expedite the arbitration, the parties may initiate discovery prior to the appointment of the arbitrator.   Unless the arbitrator determines that additional time is necessary, the parties shall complete discovery no later than 45 days before the start of the arbitration hearing. Neither party shall be required to provide information or documents or otherwise respond to a discovery request received less than 30 calendar days before the date for completion of discovery.

vii.  <u>Expert Witnesses</u>:   If scientific, technical or other specialized knowledge will assist the arbitrator to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto.   A party wishing to use expert testimony at the arbitration hearing must disclose to the other party the identity of such expert. The party also must provide an expert report containing a complete statement of all opinions to be expressed, the reasons therefore, the data or other information considered in forming the opinions, and exhibits to be used in support of the opinions, the expert's qualifications, the compensation to be paid to the expert and a list of any other cases in which the expert has testified as an expert in the prior four years.

When the mental or physical condition of a party is in controversy, the arbitrator may order the party to submit to a physical or mental examination by a licensed or certified examiner of the other party's choosing.   The examiner will produce to both parties a report containing his or her findings.

Where a party decides to use an expert witness, the disclosures (described in the first paragraph under vii.) must be made within 90 days of the appointment of the arbitrator.   The arbitrator may postpone the hearing date by 30 calendar days or such time as is necessary to permit the parties to complete expert discovery (including the taking of the initial expert's deposition and receipt of transcript, disclosure of any rebuttal expert and deposition of such rebuttal expert and receipt of transcript) no less than 30 calendar days prior to the hearing.

viii.  <u>Discovery Disputes</u>:   The parties will make a good faith attempt to quickly resolve any discovery disputes between themselves prior to seeking a decision from the arbitrator.   The arbitrator shall have the authority to resolve any remaining disputes pursuant to the Rules of the DRO.   The arbitrator will resolve all discovery disputes in a time frame that permits discovery to be concluded no less than 45 calendar days before the arbitration hearing.

7.  <u>Subpoenas</u>:   A subpoena is a command to an individual or a company representative to appear at a certain place and time and give testimony and/or furnish documents.   A party may ask the arbitrator to issue a subpoena and such subpoena must be served on the other party no less than 10 calendar days prior to the start of the hearing, deposition or time for production of documents contemplated by the subpoena.   The arbitrator shall have the authority to enforce, limit, modify, and/or cancel such subpoenas once they are issued.   The party asking the arbitrator to issue the subpoena shall be responsible for the fees and expenses associated with the issuance of and compliance with the subpoena.

19

8. Dispositive Motions: Dispositive motions (e.g., motions to dismiss, motions for summary judgment) may be filed at any time but in no event later than 30 days prior to the hearing.   The arbitrator must provide a written decision deciding any dispositive motion and may set an appropriate briefing schedule for such motions.

9. Pre-Hearing Disclosures and Motions:   No less than 10 calendar days before the hearing, each party shall provide, in writing, the names of all witnesses (including any expert witness already disclosed in accordance with the discovery guidelines) that the party intends to call to testify at the hearing in support of its case in chief, copies of all exhibits it intends to introduce at the hearing, a brief summary of any preliminary issues the party intends to raise before the arbitrator, and any pre-hearing motions (e.g., motions in limine).

10. Date and Time of Arbitration Hearing.   The arbitrator, in consultation with the parties, shall set the time and date of the arbitration hearing to occur no later than 180 calendar days after the appointment of the arbitrator.   This date will be extended only by agreement of the parties or by the arbitrator in accordance with the principles in Section III.D.1.

11. Length of Hearing.   The arbitrator shall control the duration of the arbitration hearing and shall seek to limit the length of the arbitration hearing to two 8-hour days (16 hours total); provided, however, that the arbitrator shall provide each party an adequate opportunity to present its case, considering the nature and complexity of the Covered Claims at issue.

12. Place of Hearing.   Unless the parties agree otherwise, or the arbitrator directs otherwise, the parties shall use the DRO office nearest to the employee's work location to arbitrate the Covered Claims.   If the DRO's office is unavailable, the DRO will arrange for the rental of an arbitration hearing room that is mutually convenient.

13. Arbitration Hearing Attendees.   The parties may be assisted or represented by an attorney at the arbitration hearing.   The arbitration hearing shall be a private hearing.  Without the written agreement of both parties, no one may attend the arbitration hearing except the arbitrator; an official recorder (if any); the employee, attorneys, experts, and witnesses; and the Company's attorneys, representative(s), experts, and witnesses; provided, however, that the arbitrator shall have authority to sequester or separate the witnesses upon request of a party.

14. Recording of the Arbitration Hearing.   Either party may request a qualified court reporter to make a stenographic record and transcript of the arbitration hearing. If such a request is made, the Company will pay the cost of the court reporter and each party shall pay for its own transcript.

15. Evidence.   The parties may offer such evidence at the hearing as is relevant and material to the determination of the Covered Claim(s) at issue.   The arbitrator shall determine the weight and relevance to be afforded the evidence offered by the parties.   This Procedure does not require conformity to legal rules of evidence, except for the law applicable to attorney-client privilege, attorney work product and compromise and offers to compromise.   However, the arbitrator shall not

20

receive or consider evidence by affidavit or evidence submitted to the arbitrator after the arbitration hearing has concluded.

16. <u>Witnesses</u>.   Subject to the arbitrator's authority to increase the number in accordance with the principles in Section III.D.1. above, neither party may call more than 5 witnesses, including expert witnesses, during the presentation of its case-in-chief.  Either party may present expert witness testimony to the arbitrator, provided the party has complied with subparagraph III.D.7.c.vii. above.

17. <u>Briefs and Arbitrator's Opinion</u>.   Each party will have the opportunity, if desired, to submit a written brief to the arbitrator within 30 calendar days of the close of the arbitration hearing (or receipt of the transcript, if applicable).   The parties waive their right to file a brief unless they notify the arbitrator by the close of the arbitration hearing of their intention to file a brief.   The arbitrator shall be responsible for forwarding a copy of the opposing brief to the other party.   The arbitrator will have the discretion to accept and consider responsive briefs.

The arbitrator shall issue a written opinion to the parties not more than 30 calendar days after the close of the arbitration hearing, or 30 calendar days after the arbitrator's receipt of the parties' briefs, whichever is later.   The opinion shall be signed by the arbitrator and shall contain:   (a) the names of the parties and their representatives; (b) the date(s) and place of the hearing; (c) a summary of the Covered Claims arbitrated and decided; (d) the factual and legal reasons for the opinion; and (e) the damages and/or other remedies/relief, if any.

18. <u>Authority of the Arbitrator</u>.   The arbitrator may, in connection with the Covered Claim of a specific employee, decide whether the Company has complied with its policies, procedures, rules or practices, and/or whether such policies, procedures, rules, and/or practices are in violation of applicable state or federal law, and where a violation is found, the arbitrator may, solely with respect to the claimant, order the Company to change the application of its policies, procedures, rules, or practices.   The arbitrator shall not, however, change, require the Company to establish, nor diminish the Company's authority to establish or revise its policies, procedures, rules and/or practices.   The arbitrator shall decide all Covered Claims in accordance with the substantive law of the state or the federal circuit, or both, in which the claim arose, or the applicable law pursuant to any contractual agreement.   The Arbitrator, and not any court or agency, shall have exclusive authority to resolve any dispute relating to the applicability, interpretation, formation or enforceability of this Agreement including, but not limited to, any claim that the entirety or any part of this Agreement is voidable or void, except as provided in Section II.K.

Under no circumstances shall the arbitrator have the authority to consider any putative class, collective or representative action claims.

The arbitrator also shall have the authority to determine issues of timeliness of the Covered Claim(s).   The arbitrator further shall have the power to sanction a party for that party's failure to comply with this Procedure, the DRO's Rules, or the arbitrator's rulings.   These sanctions may include assessment of costs, adverse inferences, prohibitions of evidence or, if justified by a willful disregard of any of the above, an adverse ruling in the arbitration.

19. <u>Scope of Award</u>.   The arbitrator shall interpret and apply the law of remedies of the state or the federal circuit, or both, in which the claim arose, or the applicable law pursuant to any contractual agreement.   Except as provided by this Procedure above (Authority of the Arbitrator) and below (Front Pay Option), the arbitrator may grant any remedy or relief that would have been available had the claim been asserted in court.

20. <u>Front Pay Option Instead of Reinstatement</u>.   If the arbitrator orders the reinstatement of an employee whose employment has been involuntarily terminated, there may be situations where either the employee does not want to return to work or the Company does not wish to reinstate the employee.   In such situations, the arbitrator, at the request of either party, shall accept additional evidence or argument on that issue and shall issue a supplementary award.   Such an award will grant the employee reasonable front pay instead of reinstatement in accordance with applicable state or federal law.

21. <u>Effect of Arbitrator's Decision</u>.   An arbitrator's award rendered under Solutions shall be a final, binding, and exclusive determination of Covered Claims.

The arbitrator's award will not be subject to review or appeal, except as provided by the Federal Arbitration Act, 9 U.S.C. Sections 1-14, or by the applicable state arbitration statute.

Neither party shall publish or disseminate the arbitrator's award or arrange for publication or dissemination of the award, except as may be required by law.   The award shall have no legal effect on the claims of employees who are not party to the arbitration.   Neither party may cite the arbitrator's decision as precedent in any other arbitration, or in any administrative or court proceeding.   However, either party may cite the decision to appeal or enforce the arbitrator's award and/or to seek dismissal of claims in litigation or an administrative hearing arising from substantially the same set of facts and circumstances.

22. <u>Costs and Fees</u>.   The Company will pay:   (1) the DRO filing and other administrative fees; (2) the arbitrator's fee and his/her reasonable travel and living expenses; and (3) the cost of renting an arbitration hearing room.   The Company also will pay for necessary time spent at the arbitration by a Claimant or witness currently employed by the Company as follows:   1) non-exempt employees will be paid at their regular base rate for time in the arbitration hearing that occurs during their regularly scheduled hours; and 2) exempt employees will continue to receive their regular salary for such time.

The Company shall pay the fees and expenses of the arbitrator by making such payments directly to the DRO, which shall then pay the arbitrator without disclosing the source of such payments.   To avoid disclosing to the arbitrator the source of the payment of his/her fees and expenses or other costs of arbitration, all references to the "costs and fees" of the Solutions Procedure shall be redacted from copies of this Procedure which are provided to the arbitrator.

Each party shall pay its experts' and/or attorneys' fees, unless the arbitrator awards reasonable experts' and/or attorneys' fees to a "prevailing party" under

applicable law.

23. <u>Settlement Prior to Award</u>.   If the parties reach an agreement to resolve the Covered Claims prior to the issuance of the arbitrator's decision, the arbitrator will retain jurisdiction of the matter until the parties have executed a written settlement agreement and release of claims and such agreement has become effective.

APPENDIX A

Professional Band and above employees of the Company who are either working in the United States or who are U.S. citizens working outside the United States are covered by this Solutions Procedure.

In addition to the above:  all Company employees, regardless of Career Band or level, are covered by this Procedure if they were notified of their participation in Solutions at any time on or after July 1, 2008.

**Note:**  Per the terms of Executive Order (EO) 13673, GE deleted the paragraph permitting modification that has been a part of the Solutions Procedure. If this Executive Order is amended or invalidated with respect to the right to modify, the prior provision permitting modification will be reinstated.  It will read as follows:  *The Senior Vice President of Human Resources for the General Electric Company (or his or her designee) may modify or discontinue the Solutions Procedure in the future so long as the Company gives affected employees sixty (60) calendar days advance notice.  Any such change shall be prospective, and shall not affect previously filed claims.*

**Exceptions/Additional Notes:**

**GE Oil & Gas**

All non-union represented employees of GE Oil & Gas who are either working in the United States or who are U.S. citizens working outside the United States are covered by this Solutions Procedure.

**GE Consumer & Industrial (GECI)  or any predecessor or successor GECI business entity or affiliate**

The following employees continue to be covered by either Solutions (effective July 1, 2009) or the Alternative Dispute Resolution Program (ADRP) applicable to their employment effective at the time of the employee's employment: all exempt, non-exempt, and hourly non-represented employees  (meaning an hourly employee not represented by a labor union or who may be classified as an Other Salaried employee) who worked or is working for GECI or a predecessor or successor GECI business entity or affiliate, including such employees working either in the United States or who are U.S. citizens working outside the United States, with the exception of the following employees who will continue to be covered by the GECI ADR Program applicable to their employment:  Employees in the Senior Professional Band or below positions employed by GECI or a predecessor GE or GECI business entity prior to December 1, 2008, and who (a) were notified in writing, by the Company, that the employee can opt out of Solutions between April 29, 2009 and June 30, 2009 and; (b) who opted out of Solutions pursuant to the Company's procedures between April 29, 2009 and June 30, 2009.

**GE Aviation and Its Applicable Affiliates**

Executive Band and above employees in Aviation and its affiliates, who are either working in the United States or who are U.S. citizens working outside the United States are covered by this Solutions Procedure.

Exempt employees below Executive Band in Aviation and its affiliates, who are either working in the United States or who are U.S. citizens working outside the United States are covered by this Solutions Procedure, except those who opt out of this Solutions Procedure, with or without consequences, in response to written notice from the company that they may opt out of this Solutions Procedure.   Employees that do opt out of this Solutions Procedure and are covered by the company's Dispute Resolution Program (DRP) remain covered by DRP.

In addition, all employees, regardless of band in Aviation and its affiliates, who (a) are not already covered by the preceding paragraphs, and (b) are provided and asked to acknowledge the Solutions Procedure at any time after July 1, 2008, are covered by the Solutions Procedure, except those who opt out of this Solutions Procedure, with or without consequences, in response to written notice from the company that they may opt out of this Solutions Procedure.  Employees that do opt out of this Solutions Procedure and are covered by the company's Dispute Resolution Program (DRP) remain covered by DRP.

As it applies to employees of GE Aviation and it applicable affiliates only, the Senior HRM for GE Aviation (or his or her designee) may modify or discontinue the Solutions Procedure in the future so long as GE Aviation gives affected employees sixty (60) calendar days advance notice.  Any such change shall be prospective, and shall not affect previously filed claims.

**Note:**  the above business names are accurate as of September 1, 2015 and future changes to business names will be recognized.

APPENDIX B

# SOLUTIONS
## Issue Resolution Procedure
## Level I –Submission Form

| Employee Name: | Employee SSO: | Preferred Contact (Number / e-Mail): |
|---|---|---|
| | | |

1)   Date your concern(s)/claim(s) first arose: _____

2)   Have you discussed your concerns with your manager?       ☐ Yes          ☐ No

3)   Please explain your concern(s)/claim(s) including individuals involved, and what you believe is necessary to resolve the concern(s).  (You may attach additional pages if needed.)

4.   I request to skip Level I and submit concern(s)/claim(s) at Level II
(must still enter description above and indicate reasons for request to skip Level I):   YES  ☐   NO  ☐

5.   At the request of the employee or the manager, an HR representative may participate in the Level I meeting. Do you request the attendance of an HR representative/manager at the Level 1 Meeting?  YES  ☐   NO  ☐

| Employee Signature: | Date: |
|---|---|

Please forward this form to the GE [business name] ADR Coordinator via e-mail at [email address]

26

Exhibit F

Page 65

# SOLUTIONS
## Issue Resolution Procedure
## Level II –Submission Form

| Employee Name: | Employee SSO: | Preferred Contact (Number / e-Mail): |
|----------------|---------------|--------------------------------------|
|                |               |                                      |

*Must submit concern(s)/claim(s) at Level II within 30 calendar days of the date of the Manager's written response at Level I.* Provide any additional information regarding your concern(s)/claim(s) including information that conflicts with the Manager's stated reason for not resolving your concern(s)/claim(s) at Level I. (You may attach additional pages if needed.)

| Employee Signature: | Date: |
|---------------------|-------|

Please forward this form to the GE [Business Name] ADR Coordinator via e-mail at [email address]

27

# SOLUTIONS
## Issue Resolution Procedure
## Level III – Submission to Mediation Form

The named Parties hereby submit the dispute below to mediation under the GE [Business Name] Solutions Procedure:

| EMPLOYEE<br>(This section to be completed by the employee) | COMPANY<br>(This section to be completed by the Company) |
|---|---|
| Name of Party: | Name of Party: |
| Address: | Address: |
| City/State/Zip: | City/State/Zip: |
| Phone Number: | Phone Number: |
| Name of Attorney: | Name of Attorney: |
| Firm: | Firm: |
| Address: | Address: |
| City/State: | City/State: |
| Phone Number: | Phone Number: |
| Fax Number: | Fax Number: |
| E-Mail Address: | E-Mail Address: |
| Employee Signature: | Company Representative Signature: |
| Please Print Name: | Please Print Name: |

**Must submit covered claim(s) at Level III within 30 calendar days of the date of the written response at Level II.**
Include all legal claim(s) that arise out of the same facts and include all facts that support your legal claim(s), including facts which conflict with the Level II Response.  Include the dates of each alleged legal violation, names of individual(s) who have knowledge about each alleged legal violation and the nature of their involvement, and any documents or other evidence which support your claim(s).

(Please note: This description should be a brief, but complete, description of the nature of the legal claim(s) to be mediated.  This includes, but is not limited to, monetary amounts requested, requests for specific performance, etc.  (Attach additional pages if necessary.)

| Description of legal claim(s): |
|---|
|  |

Please forward this form to the GE [Business Name] ADR Coordinator via e-mail at [email address]

# SOLUTIONS
## Issue Resolution Procedure
## Level IV – Submission to Arbitration Form

The named Parties hereby submit the dispute below to arbitration under the GE [Business Name] Solutions Procedure:

| EMPLOYEE (This section to be completed by the employee) | COMPANY (This section to be completed by the Company) |
|---|---|
| Name of Party: | Name of Party: |
| Address: | Address: |
| City/State/Zip: | City/State/Zip: |
| Phone Number: | Phone Number: |
| Name of Attorney: | Name of Attorney: |
| Firm: | Firm: |
| Address: | Address: |
| City/State: | City/State: |
| Phone Number: | Phone Number: |
| Fax Number: | Fax Number: |
| E-Mail Address: | E-Mail Address: |
| Employee Signature: | Company Representative Signature: |
| Please Print Name: | Please Print Name: |

***Must submit covered claim(s) at Level IV within 30 calendar days of the date the parties and/or mediator determines that the mediation at Level III has not been successful.***

(Please note: This description should be a brief, but complete, description of the nature of the legal claim(s) to be arbitrated.  This includes, but is not limited to, monetary amounts requested, requests for specific performance, etc.  Attach additional pages if necessary.)

**Description of legal claim(s):**

Please forward this form to the GE [Business Name] ADR Coordinator via e-mail at [email address]